## Frazier v. Toliver, et al.

(Decided July 1, 1924.)

### Appeal from Letcher Circuit Court.

Costs—One Convicted of Felony Liable for Costs.—One convicted of murder and sentenced to life imprisonment, and pardoned by Governor, was liable for costs of prosecution, and it was proper

for clerk of court to issue execution against him, in view of Ky. Stats., section 886, including all steps in prosecution for which fees are allowed.

D. D. FIELDS & DAY for appellant.

R. MONROE FIELDS and FELIX G. FIELDS for appellees.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and W. R. HUGHES, Law Clerk, for the Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The sole question for decision in this case is: May a defendant convicted in a felony case be required to pay all the cost of the prosecution? Appellant Frazier was convicted in the Letcher circuit court of the crime of wilful murder, and his punishment fixed at life imprisonment in the state penitentiary. He appealed to this court and the judgment was affirmed. Later the clerk of the Letcher circuit court issued an execution against him for the costs. When the sheriff and his deputies were about to sell defendant's property under a levy of execution appellant Frazier sued out a temporary restraining order against Sheriff Toliver and his deputies to prevent them from carrying out the sale and collecting the costs. The petition avers that the appellant Frazier had been convicted of a felony and that the Commonwealth had taken judgment against him for costs, which judgment was affirmed, and that later he was pardoned by the governor. It is also averred that the judgment for costs was null and void and that the attorney for the Commonwealth had no right or power to enter such a judgment and that the court was without right or power under the laws of the state of Kentucky to render such a judgment; but notwithstanding this the clerk taxed cost against him to the amount of $2,073.05. It admits that appellant obtained at least one continuance on his motion and that he is liable for the cost of this continuance under section 886, Kentucky Statutes, which he says he is ready, able and willing to pay when the amount is ascertained. It is then averred that the sheriff and his deputy will cause the property of the appellant to be sold to satisfy the said execution for the total costs unless restrained by an order of the Letcher circuit court.

At common law the defendant in a criminal action was not liable for costs, and if appellant is liable in this case for costs it is because of legislative enactments and not otherwise. While there are several sections of the statutes relating to cost in criminal actions, we think section 886 is conclusive on the question under consideration. It reads:

"The defendant in a criminal prosecution shall be adjudged to pay the costs of all continuances in his behalf, for which execution or other process may issue, as in civil cases, and, if convicted of a misdemeanor, all costs unpaid may be collected in the same manner as the fine; if convicted of a felony, by execution, or other process, as in civil cases."

The first part of this section relates unquestionably to continuances in criminal prosecutions, and says that the defendant shall be adjudged to pay the costs of all continuances in his behalf and that such costs may be recovered by execution or other process as in civil cases. Of course all continuances precede a conviction. There can be no continuance after final conviction. It therefore follows that the costs of a continuance may be collected by execution before final trial is had. In other words, execution may be had for the cost of continuances as in civil cases. The statute then says if the defendant in a criminal prosecution be convicted of a misdemeanor, all costs unpaid may be collected in the same manner as a fine.

As said in the case of Ely v. Thompson, 3rd A. K. Marshall, pp. 70 and 74, the words "criminal prosecution" mean any prosecution carried on in the name of the Commonwealth for any offense or crime against society. So both misdemeanors and felonies are embraced in the expression "criminal prosecutions." Sometimes it happens that the costs of continuances, even in a misdemeanor case, cannot be recovered by execution because the defendant is execution proof. But this statute provides in such case that all costs unpaid, whether for continuances or otherwise incurred, may be collected by *capias pro* fine or other process, thus giving to the Commonwealth an extraordinary remedy to coerce the payment of costs in misdemeanor cases. Under a *capias pro* fine the defendant may be placed in jail until the fine and cost are satisfied. The statute then proceeds: "If convicted of a felony, by execution or other process, as in civil cases." A felon could not be coerced by

*capias pro* fine to pay costs because he is already in prison. So the only remedy for collection of costs left to the Commonwealth is by execution against his property. And if he be execution proof no cost, of course, can be collected. It is argued, however, that the execution mentioned in the last part of the section may be issued only for the purpose of collecting costs of continuances had in behalf of the defendant, which have not been paid. This argument overlooks the fact that in the first part of this section execution is authorized for the collection of costs for continuances as in civil cases. The same expression would not, it seems to us, be twice employed in the section to accomplish a single purpose. The statute first says "that the defendant in criminal prosecutions shall be adjudged to pay the cost . . . if convicted of a misdemeanor," and prescribes the mode in which the collection of such costs may be enforced. It then says: "The defendant in a criminal prosecution shall be adjudged to pay the cost . . . if convicted of a felony," and such costs may be collected "by execution or other process, as in civil cases." As it is admitted by all that the costs of continuances granted to the defendant may be taxed against him and forthwith collected by execution, it seems absolutely certain that the latter part of the section under consideration, reading, "If convicted of a felony by execution or other process as in civil cases," means that all cost incurred in the trial of a felon, including continuances and all other steps taken in the prosecution for which fees are allowed, may be taxed against him and collected by execution.

It follows, therefore, that the petition of Frazier did not state facts sufficient to justify the granting of the equitable relief sought, and the trial court did not err in so holding and in sustaining the general demurrer thereto.

Judgment affirmed. Whole court sitting.